Matter of Micho (2019 NY Slip Op 00806)





Matter of Micho


2019 NY Slip Op 00806


Decided on February 1, 2019


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ. (Filed Jan. 4, 2019.) 


&em;

[*1]MATTER OF PAUL SCOTT MICHO, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of suspension entered.
Per Curiam.
Respondent was admitted to the practice of law by this Court on February 20, 1997, and maintains an office in Syracuse. In July 2018, the Grievance Committee filed a petition alleging against respondent three charges of professional misconduct, including neglecting a client matter, engaging in dishonesty and deceit, and collecting a fee in a domestic relations matter without issuing an executed retainer agreement. Respondent filed an answer admitting the material allegations of the petition and setting forth matters in mitigation. He thereafter appeared before this Court and was heard in mitigation.
With respect to charge one, respondent admits that, in July 2016, he agreed to represent a client in an impending divorce action, at which time the client advised respondent that her husband would not be contesting the divorce. Respondent admits that, in October 2016, his client and her husband executed a separation agreement and, on June 8, 2017, respondent commenced an action for divorce on behalf of his client in Supreme Court, Onondaga County. Respondent admits that, on June 10, 2017, he prepared a judgment roll by signing the name of the husband on an affidavit wherein the husband purportedly admitted service of the summons and complaint, stated that he was not contesting the divorce, and consented to entry of a judgment of divorce incorporating the terms of the separation agreement. Respondent further admits that he signed his own name as notary on the falsified affidavit of the husband. Respondent admits that, on June 29, 2017, he filed with Supreme Court the judgment roll that included the falsified affidavit and, on July 11, 2017, Supreme Court entered a judgment of divorce based on that filing. Respondent admits that, from mid-July through September 2017, he received several inquiries about the judgment of divorce from two attorneys who were representing the client and the husband in a child custody matter pending in another county. Respondent admits that, on July 31, 2017, he forwarded to one of the attorneys a copy of the judgment of divorce and, on September 15, 2017, he sent to the other attorney a letter stating that the judgment of divorce had been secured via an affidavit that had been sent to the husband. Respondent further admits that, after questions were raised about the validity of that affidavit, he failed to comply with the attorneys' requests for a copy of the affidavit. Respondent admits that he did not acknowledge the falsity of the affidavit until after the attorney for the husband indicated that she may be obligated to file a grievance complaint against respondent. On September 28, 2017, respondent disclosed his misconduct to the Grievance Committee.
With respect to charge two, respondent admits that, in July 2017, he agreed to represent another client in a divorce action pending in Supreme Court, Oswego County. Respondent admits that, on August 3, 2017, Supreme Court issued a scheduling notice directing the parties in that action to appear at an inquest on August 31, 2017. Respondent admits that he advised his client that the inquest would be adjourned, but failed to secure an adjournment and failed to appear at the scheduled inquest to represent the interests of his client. Respondent further admits that his client's wife and her attorney appeared at the inquest, at which time they presented uncontested proof regarding the grounds for the divorce and the value of certain marital assets. Respondent admits that Supreme Court issued a divorce decree on default and, in November 2017, his client expressed concerns that the uncontested proof at the hearing had resulted in an inflated value of the marital residence. Respondent admits that, in response to those concerns, he instructed the client to purchase a real property appraisal for purposes of supporting a motion to vacate the divorce decree and, in December 2017, the client spent $500 on an appraisal, which indicated that the marital residence was worth $16,000 less than the value established by the wife at the inquest. Respondent admits, however, that he subsequently failed to move to modify or vacate the divorce and, in February 2018, the client discharged respondent and secured replacement counsel.
With respect to charge three, respondent admits that, in April 2017, he accepted $2,500 to represent a client in a domestic relations matter and that, although he appeared on behalf of the client in certain proceedings during April and May 2017, he did not execute a written retainer agreement for the matter until August 2017. Respondent further admits that he failed to issue billing statements to the client over the course of the representation, which concluded in February 2018.
We find respondent guilty of professional misconduct and conclude that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b)—neglecting a legal matter entrusted to him;
rule 1.5 (d) (5) (ii)—entering into an arrangement for, charging or collecting a fee in a domestic relations matter without a written retainer agreement signed by respondent and the client setting forth in plain language the nature of the relationship and the details of the fee arrangement;
rule 8.4 (b)—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer;
rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
We also conclude that respondent has violated 22 NYCRR 1400.3 by failing to execute a written retainer agreement in a domestic relations matter that provides for, inter alia, itemized billing statements to be sent to the client at least every 60 days.
In determining an appropriate sanction, we have considered respondent's submissions in mitigation, including his statement that he has reduced his case load and has hired a legal secretary to assist with law office scheduling, billing, and communications with clients. We have also considered, however, certain factors in aggravation of the misconduct, including that charge one arises from a lengthy course of conduct intended to deceive a tribunal and that charge two concerns respondent's severe neglect of a client matter that resulted in substantial harm to the client. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of one year and until further order of the Court.